IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY MOORE, )
 )
      Plaintiff, )
 )
  -vs- ) Civil Action No.   13-1518
 )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January 24, 2010. (ECF No. 8-5, pp. 7, 14). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on October 21, 2011. (ECF No. 8-2, pp. 29-54). On January 18, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 15-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    **Treating Physician**

Plaintiff first argues that the ALJ erred in assigning little weight to the opinion of Plaintiff's treating physician, Dr. Mikhaylovskiy. (ECF No. 11, pp. 10-14). Specifically, Plaintiff argues that the ALJ erred because "she did not include a basis for the exclusion of limitation from the RFC [residual functional capacity] that were identified by Dr. Mikhaylovskiy." *Id.* at 10. Thus, Plaintiff argues that the RFC is not based on substantial evidence and remand is warranted. *Id.* at 10-14.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

3

obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, with regard to Dr. Mikhaylovskiy's opinions, the ALJ simply stated "The undersigned rejects the assessment of Dr. Mikhaylovsky (sic)."[1]   (ECF No. 8-2, p. 21).   A simple

---

[1] The ALJ then "notes" that Plaintiff is working part-time.  (ECF No. 8-2, p. 21).   This is not a reason for rejecting Dr. Mikhaylovskiy's opinions but, rather, a statement.   Had it been a reason for the rejection, the ALJ would/should have stated so.   She did not, however.   As a result, I do not even find this to be a stated reason for rejecting Dr. Mikhaylovskiy's opinions.
  Additionally, Defendant submits that the ALJ rejected Dr. Mikhaylovskiy's opinions, and the opinions of Dr. Apaga, because that there was a lack of objective medical evidence supporting the opinions and there were many inconsistencies. (ECF No. 13, p. 14).    Whether this is true is irrelevant, however, because the ALJ did not state those as reasons for her rejections.   *See,* ECF No. 8-2, pp. 18-21.

rejection without explanation is insufficient. Absent an explanation, I am unable to discern whether the ALJ rejected Dr. Mikhaylovskiy's opinions for proper reasons and whether they were based on substantial evidence. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The failure to discuss the rejection prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this basis.

### C.     State Agency Opinions

Plaintiff also argues that ALJ erred in crediting the opinion of the state agency physician, Dr. Gail Schas, over the opinions of Dr. Mikhaylovskiy and Dr. Apaga. (ECF No. 11, pp. 13-14). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). After a review of the record, however, I cannot say that the ALJ's reliance on Dr. Schas' opinions was proper in light of the fact that the ALJ fails to give any explanation or reason for crediting Dr. Schas' opinion other than to summarily conclude that it is supported by the medical evidence. The ALJ simply states: "The undersigned finds Dr. Shas (sic) assessment is supported by the medical evidence." (ECF No. 8-2, p. 21). Then, the ALJ states that she just "chose" to limit the claimant further exertionally. *Id.* This is unacceptable under the standards set forth above. Therefore, I am remanding for full and proper analysis.

5

## D. Credibility/Subjective Complaints of Pain

Finally, Plaintiff submits that the ALJ erred in assessing the credibility of Plaintiff and particularly Plaintiff's complaints. (ECF No. 8, pp. 26-28). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

An "ALJ can reject plaintiff's subjective complaints on the basis that plaintiff is not credible, as long as the underlying reasoning for such a finding is explained and supported by the record." *Duncan v. Sullivan*, 786 F.Supp. 466, 470 (E.D. Pa. 1992). Since I have found that the ALJ erred in assessing the medical opinions, her finding regarding Plaintiff's credibility and complaints of pain simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, I find remand is warranted on this issue.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY MOORE,  )
        )
    Plaintiff,  )
        )
-vs-  )    Civil Action No. 13-1518
        )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        )
    Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing opinion.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge